[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15562
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00064-CV-WLS-1

GREGORY R. MAHONE,
as Next of Kin to Gregory M. Mahone
and Kregory D. Mahone,
JO ANN MAHONE,
as Next of Kin to Gregory M. Mahone
and Kregory D. Mahone, Minors,

Plaintiffs-Appellants,

versus

BEN HILL COUNTY SCHOOL SYSTEM,
BEN HILL COUNTY SCHOOL DISTRICT,
JON KEY,
Individually and in His Official
Capacity as Superintendent of Schools,
JACKIE HALL,
Individually and in His Official
Capacity as Principal,
GAIL STOKES,
Individually and in Her Official
Capacity as Assistant Principal, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 5, 2010)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory R. Mahone, Sr. and Jo Ann Mahone, as next of kin to twin minors Gregory Mahone and Kregory Mahone (collectively "Appellants"), appeal the grant of summary judgment from their action alleging violations under 42 U.S.C. § 1983 and state law claims to, *inter alia*, Ben Hill County School District (the "School District"); John Key ("Key"), Superintendent of Schools; Jackie Hall ("Hall"), Principal of Ben Hill County Middle School; and Sammy Reynolds ("Reynolds"), physical education instructor (collectively "Appellees"). On appeal, Appellants argue that: (1) the district court improperly engaged in weighing the evidence on the summary judgment record; (2) the district court erred in granting summary judgment to Reynolds on their substantive due process claim under § 1983; (3) the district court erred in finding that the action taken by Reynolds did not amount to excessive force; (4) the district court erred in finding that the actions

2

of the School District, Key, and Hall did not amount to deliberate indifference; and (5) the district court erred in finding that Key, Hall, and Reynolds were entitled to qualified immunity.[1]  Specifically, the issues on appeal refer only to the "Trash Can Incident," in which Reynolds allegedly shoved Gregory's head in a trash can, and Kregory and another student witnessed Reynolds pull Gregory out of the trash can by Gregory's legs.  At the time of the incident, Gregory and Kregory were sixth grade special education students in Reynolds's physical education class.  Gregory suffered from poor motor skills, asthma, and Attention Deficit Hyperactivity Disorder ("ADHD").  Kregory suffered from cerebral palsy, scoliosis, asthma, and ADHD.  Reynolds learned about the Appellants' disabilities at the beginning of the school year.  Reynolds had read Gregory's individualized education plan ("IEP"), which addresses his learning disability, and Kregory's accommodation plan (504 plan) which identified Kregory's physical disabilities and asthma.  Gregory did not have a physical disability on record with the School District.  As a result of the "Trash Can Incident," Key requested that Hall conduct an investigation into the incident to determine what happened.  Hall interviewed both Gregory and Kregory in the presence of their mother, interviewed other

---

[1] Appellants have abandoned all other claims that the district court disposed of on summary judgment; they acknowledge this and fail to address the remaining issues in their brief. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

students in the physical education class, took statements from two middle school physical education instructors, and interviewed and had Reynolds prepare a written statement of his version of the events. Hall communicated his findings to Key in a memorandum, in which Hall's investigation led him to conclude that Reynolds and Gregory frequently engaged in "horseplay" in physical education class in a joking manner. Gregory, Kregory, and the other witness described Reynolds's conduct during the "Trash Can Incident" differently in the way Reynolds held Gregory in proximity to the trash can. Hall concluded that Reynolds was playing with Gregory on the day of the "Trash Can Incident," and there was no evidence of Reynolds being malicious or mean-spirited. Hall indicated he counseled with Reynolds, requesting that he cease from engaging in this type of conduct with his students. Key met with the Appellants' parents to address his conclusions based on the investigation conducted by Hall. Upon review of the parties' briefs and the record, we affirm the district court's grant of summary judgment to the School District, Key, Hall, and Reynolds, as they are entitled to qualified immunity.

"We review *de novo* the district court's resolution of a summary judgment motion on the basis of qualified immunity, and in so doing, we resolve all issues of material fact in favor of the plaintiff." *Oliver v. Fiorino*, 586 F.3d 898, 901 (11th Cir. 2009). The moving party is entitled to summary judgment when "the

4

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

The doctrine of qualified immunity "shields public officials from suits against them in their individual capacities for torts committed while performing discretionary duties unless the tortious act violates a clearly established statutory or constitutional right." *Zivojinovich v. Barner*, 525 F.3d 1059, 1071 (11th Cir. 2008) (per curiam) (citation omitted). In order to receive qualified immunity, officials must demonstrate that they were engaged in a discretionary function at the time of the allegedly unlawful act. *Bryant v. Jones*, 575 F.3d 1281, 1295 (11th Cir. 2009) (citation omitted). Once this is done, the burden shifts to the plaintiff to establish that the officials were not entitled to qualified immunity. *Id.* (citation omitted). This requires the plaintiff to demonstrate that: (1) the officials violated a constitutional right, and (2) the constitutional right was clearly established at the time of the alleged wrongful act. *Id.* (citation omitted). The district court can use its discretion in determining which of the two prongs to address first. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

First, Appellants argue that the district court interpreted material facts and weighed them against them and in favor of Appellees. Appellants contend that in

5

instances, the district court did not accept material evidence as part of the summary judgment record and weighed evidence that should have been left for the jury to resolve. However, the record is clear that the district court applied the correct standard in granting summary judgment to Appellees, and it viewed the evidence in the light most favorable to Appellants. Appellants failed to show that there was a genuine issue of material fact which would preclude summary judgment, and Appellants' brief in response to Appellees' motion for summary judgment submitted to the district court does not qualify as evidence to be considered under the summary judgment record. Further, Appellants are mistaken in their belief that the determination of whether a defendant is entitled to qualified immunity is a question of fact for the jury. Entitlement to qualified immunity is a question of law to be decided by the district court. *See Bates v. Harvey*, 518 F.3d 1233, 1239 (11th Cir. 2008) (citation omitted). Therefore, the district court properly applied the summary judgment standard.

Second, Appellants contend that Reynolds violated Gregory's substantive due process rights under the Fourteenth Amendment because the "Trash Can Incident" "deprived [Gregory] of his liberty interest to be free from physical and mental abuse." Specifically, Appellants contend that this Court's cases involving violations of substantive due process based on corporal punishment apply, and the

6

district court erred in finding that this case does not involve corporal punishment.

"Officials acting under color of state law violate the substantive component of the Due Process Clause only when their conduct 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Peterson v. Baker*, 504 F.3d 1331, 1336 (11th Cir. 2007) (per curiam) (citation omitted). However, the Supreme Court has stated "that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). Additionally, "[s]ection 1983 must not be used as a font of tort law to convert state tort claims into federal causes of action. We also have noted that even intentional wrongs seldom violate the Due Process Clause." *Peterson*, 504 F.3d at 1336 (citations and quotations omitted). "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *County of Sacramento*, 523 U.S. at 849.

The district court was correct in finding that Reynolds's actions did not constitute corporal punishment. Additionally, the evidence presented before the district court does not lead us to the conclusion that Reynolds's actions were arbitrary or conscience-shocking. Although Gregory allegedly suffers from Post Traumatic Stress Disorder ("PTSD") and other psychological injuries as a result of

7

the "Trash Can Incident," Gregory did not suffer any physical injury. Gregory's injuries do not rise to the level of severity to support a violation of substantive due process. There is no evidence that Reynolds acted with malice or intent to harm Gregory. As this Court recognized in a footnote in *Peterson*, "[n]ot all physical injuries to a student caused by a teacher amount to corporal punishment. A range of teacher conduct exists that is neither corporal punishment nor so conscience-shocking as to trigger a substantive due process violation." 504 F.3d at 1337 n.4 (adopting proposition from *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 725–26 (6th Cir. 1996), that "it is simply inconceivable that a single slap [to the face] could shock the conscience" when the teacher had no legitimate purpose for such conduct). Here, although Reynolds had no legitimate purpose for allegedly shoving Gregory into a trash can, such conduct does not shock the conscience in a constitutional sense, and Reynolds was subsequently reprimanded. Therefore, we affirm the district court's grant of summary judgment to Reynolds as to the Appellants' substantive due process claim.

Third, Appellants argue that Reynolds conduct during the "Trash Can Incident" falls within the ambit of corporal punishment and contend that Reynolds's conduct amounted to excessive force. In their brief, Appellants cite to several cases involving excessive corporal punishment; however, as stated above,

8

this case does not involve corporal punishment, and there is no evidence that Reynolds acted to punish Gregory. The district court was correct in finding that in the school context, a claim of excessive force may only arise under the Fourteenth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 671 (1977) (stating that the Eighth Amendment is inapplicable to cases where public school teachers impose corporal punishment). Therefore, the analysis for excessive force under the Fourteenth Amendment is identical to the analysis under Appellants' substantive due process claim, and it cannot be said that Reynolds's conduct was so excessive as to shock the conscience. *See Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069, 1075 (11th Cir. 2000). Thus, the district court did not err in granting summary judgment to Reynolds on Appellants' excessive force claim.

Fourth, because Appellants fail to establish that Reynolds violated Gregory's constitutional rights, the district court was correct in finding that the School District, Key, and Hall were entitled to qualified immunity as to Appellants' Fourteenth Amendment substantive due process claim. Additionally, the record is clear that Appellants presented no evidence to support their contention that the School Board, Key, and Hall were the moving force behind Reynolds's interaction with Gregory. To the contrary, the "Trash Can Incident" was fully investigated, and Reynolds was reprimanded for his conduct. Further, Appellants pointed to no

policy, custom, or practice of condoning or ignoring excessive force against students. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Nor is there evidence that the School Board, Key, or Hall were deliberately indifferent in failing to investigate Reynolds's "horseplay," as we have determined that "deliberate indifference is insufficient to constitute a due-process violation in a non-custodial setting." *Davis v. Carter*, 555 F.3d 979, 983 (11th Cir. 2009) (citation and quotation omitted). Therefore, the district court's grant of summary judgment to the School Board, Key, and Hall was proper.

Finally, because Appellants failed to establish that the Appellees committed any constitutional violations, Appellees were entitled to qualified immunity. *See Bryant*, 575 F.3d at 1295 (citation omitted). Therefore, we affirm.

**AFFIRMED.**